IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT LUKEN, and )
LUKEN INVESTMENT COMPANY, )
 )
Plaintiff, )
 )
vs. )        Case No. 13-cv-0991-MJR-PMF
 )
INDIANA INSURANCE COMPANY, )
AMERICAN STATES INS. COMPANY, )
AMERICAN ECONOMY INS. CO., )
FIRST NATIONAL INSURANCE )
  COMPANY OF AMERICA, and )
LIBERTY MUTUAL INSURANCE CO., )
 )
Defendants. )

MEMORANDUM AND ORDER

REAGAN, District Judge:

A.    Introduction

Robert Luken and Luken Investment Company ("the Lukens") filed a declaratory judgment action in the Madison County, Illinois, seeking a declaration that five insurance companies ("Defendants") owe a duty to defend and indemnify the Lukens in three pending class action suits. The three underlying actions (the Bueker lawsuit, the Straeter lawsuit, and the Lindow lawsuit) allege that the Lukens participated in a conspiracy with former Madison County Treasurer Fred Bathon to suppress competitive bidding with respect to interest rates for delinquent property tax debt. The Bueker, Straeter and Lindow suits seek various forms of money damages -- including treble damages, punitive damages, civil penalties, and attorney's fees.

On September 25, 2013, the insurance company Defendants timely removed the Lukens' declaratory judgment action to this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332. The following day, the undersigned Judge directed Defendants to amend their removal petition to clarify and correct, if possible, deficient jurisdictional allegations. (For instance, Plaintiff Robert Luken was referred to as a "resident" of Illinois, not a citizen; and the states of incorporation were not clearly identified for each of the five insurance companies.) An amended removal notice was filed September 27, 2013, satisfying the Court's questions regarding citizenship.

On October 2, 2013, the Lukens moved to remand this action to Illinois state court. The remand motion ripened with the filing of a November 13, 2013 reply brief. For the reasons stated below, the Court denies the Lukens' motion.

B.      Analysis

"To invoke the diversity jurisdiction of the federal courts, a party must establish both that diversity of citizenship is complete and that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Travelers Property Cas. v. Good*, **689 F.3d 714, 717 (7th Cir. 2012),** *quoting* **28 U.S.C. 1332(a).** In the case at bar, the Lukens do not dispute (and the Court confirms) that the amended removal notice pleads complete diversity of citizenship among the parties. The Lukens maintain, however, that the amount in controversy does not suffice for diversity jurisdiction.

In suits seeking equitable remedies such as a declaratory judgment, the amount in controversy is determined by the value of the object of the litigation. *America's*

*Moneyline, Inc. v. Coleman,* **360 F.3d 782, 786 (7th Cir. 2004).** In making that determination, the court may look at the stakes from the point of view of either the plaintiff or the defendant. *Id., citing BEM I, L.L.C. v. Anthropologie, Inc.,* **301 F.3d 548, 553 (7th Cir. 2002) (amount in controversy is the amount at stake to either party to the suit).**

Furthermore, the Seventh Circuit has adhered to the rule that the value of the object of the litigation is the "pecuniary result" that would flow to the plaintiff *or* defendant from the court granting the declaratory judgment. *America's Moneyline,* **360 F.3d at 786,m** *citing McCarty v. Amoco Pipeline Co.,* **595 F.2d 389, 393 (7th Cir. 1979).** So, for instance, an energy utility company's declaratory judgment action against a municipality satisfied the amount-in-controversy requirement for diversity jurisdiction where the parties were "fighting over the transfer of approximately $10 million in utility assets," i.e., the utility's "effort to keep those assets out of the Village's hands suffice[d] to meet the amount-in-controversy requirement." *Rock Energy Co-Op v. Village of Rockton,* **614 F.3d 745, 747-48 (7th Cir. 2010).**

The question before this Court is whether the amount in controversy in this removed declaratory judgment action supports the exercise of diversity jurisdiction. Urging remand, the Lukens argue that the amount involved does not exceed the jurisdictional floor, because (a) at this time, "no liability on the insured to pay one dime [has been] determined," (b) the "cost of defense under the duty to defend does not realistically exceed $75,000," and (c) state court filings predating removal indicate that the policyholders (the Lukens) engaged in no wrongdoing (Doc. 10, p. 2).

Additionally, the Lukens argue that this Court should abstain from exercising jurisdiction, because this lawsuit presents only questions of local law, and there is no "compelling reason for a federal court to get involved in this local problem involving Illinois insurance law" (id.).

The record belies the Lukens' contention that the amount in controversy falls short. "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, … or in the event of removal, on the day the suit was removed." *Oshana v. Coca-Cola Co.*, **472 F.3d 506, 510-11 (7th Cir. 2006)**, *cert. denied*, **551 U.S. 1115 (2007)**, *citing BEM*, **301 F.3d at 552.** The proponent of subject matter jurisdiction bears the burden of showing (by a preponderance of the evidence) that the amount-in-controversy requirement is satisfied. *Id. See also Muscarello v. Ogle County Board of Commissioners*, **610 F.3d 416, 424 (7th Cir. 2010)**, *cert. denied*, **131 S. Ct. 1045 (2011); and** *Craig v. Ontario Corp.*, **543 F.3d 872, 876 (7th Cir. 2008) (When facts relevant to subject matter jurisdiction are challenged, the proponent must establish those facts by a preponderance of the evidence).** In the case at bar, Defendants have discharged this burden.[1]

---

[1] Once the proponent has made this showing, the proponent's estimate of the stakes must be accepted unless there is a "legal certainty" that the controversy's value falls below the jurisdictional threshold. *Meridian Sec. Ins. Co. v. Sadowski*, **441 F.3d 536, 541 (7th Cir. 2006)**, *citing Rising-Moore v. Red Roof Inns, Inc.*, **435 F.3d 813 (7th Cir. 2006).** *Accord Carroll v. Stryker Corp.*, **658 F.3d 675, 680 (7th Cir. 2011) (Once the proponent has met the burden of establishing by a preponderance of evidence facts that suggest the jurisdictional amount has been satisfied, "jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000.").**

First, the Court examines the amounts at issue in the three class action suits. The claimants in the state court lawsuits are thousands of Illinois property owners who allege they were victims of a bid-rigging conspiracy that resulted in inflated interest rates. The suits seek not only recoverable actual damages (including treble damages) but also punitive damages and civil penalties. In the Bueker suit alone, the complaint alleges damages in the "millions of dollars." And as Defendants correctly point out, this Court can consider those damages (the insurers' potential indemnity obligations) as well as the costs of providing a legal defense for the insureds.

The United States Court of Appeals for the Seventh Circuit has explained that both the expense of mounting a legal defense and the potential indemnity costs may be factored in when assessing the amount in controversy.

> Meridian's potential obligation to indemnify … was in controversy from the moment this suit began…. Many decisions in this and other circuits count the potential outlay for indemnity toward the amount in controversy, whether or not adjudication about indemnity should be deferred until the state case is over…. The contrary argument has been made enough that both of the principal treatises on federal practice cover the topic, and both conclude that the potential indemnity obligation counts toward the jurisdictional minimum….

*Meridian Sec. Ins. Co. v. Sadowski,* **441 F.3d 536, 539 (7th Cir. 2006).**

Here, Defendants are exposed to millions of dollars in indemnity obligations in the three state court class actions.[2] Additionally, the costs of mounting a legal defense in those actions is significant, given the fact that there are three separate lawsuits, involving separate (albeit somewhat overlapping) discovery, motion-filing, and trials.

---

[2]     This case sub judice does not run afoul of the anti-aggregation rules discussed in *Travelers Property Cas. v. Good,* **689 F.3d 714 (7th Cir. 2012).**

The record before the Court establishes that the amount in controversy easily exceeds the over-$75,000 mark.

Finally, the Lukens' abstention argument is a nonstarter. The entire argument is three-sentences long -- not developed enough to merit in-depth discussion. Citing "34A AmJr2d § 1029, et seq.," the Lukens posit that this Court should "exercise its discretion to abstain from the exercise of jurisdiction," since there "is no compelling reason … to get involved in this local problem" (Doc. 10, pp. 2-3).

The Court assumes that "34A" is a simple typographical error meant to reference volume **32**A, Federal Courts, Section 1049, of American Jurisprudence, which addresses the propriety of federal court abstention. The section begins with this general statement (id., Nov. 2013 ed., emphasis added):

> When federal and state courts find themselves exercising concurrent jurisdiction over the same subject matter, a federal court generally **need neither** (1) abstain, that is dismiss the case before the federal court; nor (2) defer to the state proceedings, that is, withhold action until the state proceedings have concluded. Generally, as between state and federal courts, the rule is that the pendency of an action in state court is no bar to proceedings concerning the same matter in a federal court having jurisdiction.

The treatise explains (id.) that exceptional circumstances can justify abstention:

> Abstention doctrines embody the general notion that federal courts may decline to exercise their jurisdiction, in otherwise exceptional circumstances, where denying the federal forum would clearly serve an important countervailing interest, such as considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration.

But a practice tip then points out: "The doctrine of abstention has no application in the context of a removed action, as abstention can exist only where there is a parallel

proceeding in state court." Of course, this is a removed action (and the class action lawsuits are not "parallel" proceedings to this removed declaratory judgment suit). So abstaining in deference to a *parallel state court action* makes no sense.

The Lukens have offered no basis on which abstention is warranted -- under the *Colorado River* doctrine (which they seem to invoke) or otherwise. ***See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).*** The undersigned Judge is keenly aware of the Supreme Court and Seventh Circuit admonitions that federal district courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them, and that a federal court's leeway to abstain from exercise jurisdiction "is the exception, not the rule," which "can be justified only in exceptional circumstances." ***Adkins v. VIM Recycling, Inc., 644 F.3d 483, 496 (7th Cir. 2011), *quoting* Colorado River, 424 U.S. at 817, and *Ankenbrandt v. Richards,* 504 U.S. 689, 705 (1992).***

Indeed, the Seventh Circuit has explicitly cautioned that "the task of the district court 'is not to find some substantial reason for the *exercise* of federal jurisdiction' but instead 'to ascertain whether there exist … the 'clearest of justifications,' … to justify the *surrender* of that jurisdiction." ***Huon v. Johnson & Bell, Ltd., 657 F.3d 641, 645-46 (7th Cir. 2011), *quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25-26 (1983).*** Simply put, there is a presumption against abstention, which the Lukens come nowhere close to overcoming in this case.

The parties who sought this forum, Defendants, have sustained their burden of showing subject matter jurisdiction under the diversity statute. The Lukens have

shown no reason warranting this Court's abdication of the duty to exercise that jurisdiction.

C.      Conclusion

For all these reasons, the Court **DENIES** the Lukens' remand motion (Doc. 10).

IT IS SO ORDERED.

DATED December 23, 2013.

**s/ Michael J. Reagan**
Michael J. Reagan
United States District Judge
